**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Ahmad R. HUDSON, Defendant-Appellant.**

**No. 16-1751**

United States Court of Appeals, Eighth Circuit.

Submitted: January 9, 2017

Filed: May 30, 2017

Tiffany Gulley Becker, Assistant U.S. Attorney, Allison Hart Behrens, Assistant U.S. Attorney, Sayler Anne Ault Fleming, Assistant U.S. Attorney, U.S. Attorney's Office, Eastern District of Missouri, Saint Louis, MO, for Plaintiff-Appellee

Ahmad R. Hudson, Pro Se

Felicia Annette Jones, Assistant Federal Public Defender, Robert Wolfrum, Federal Public Defender's Office, Saint Louis, MO, for Defendant-Appellant

Before COLLOTON, MURPHY, and MELLOY, Circuit Judges.

PER CURIAM.

Ahmad Hudson pleaded guilty to unlawfully possessing a firearm as a previously convicted felon, in violation of 18 U.S.C. § 922(g)(1). At sentencing, the district court * concluded that Hudson's base of-

* The Honorable Ronnie L. White, United States District Judge for the Eastern District of Missouri.

fense level should be increased under USSG § 2K2.1(a)(3), because he had sustained a prior conviction for a "crime of violence." The prior conviction was for unlawful use of a weapon under Mo. Rev. Stat. § 571.030.1(4). The court then determined that Hudson's advisory guideline range was 63 to 78 months' imprisonment and sentenced him to a term of 70 months' imprisonment.

Hudson appeals, arguing that the district court committed procedural error by counting his prior conviction as a crime of violence. In *United States v. Pulliam*, 566 F.3d 784, 788 (8th Cir. 2009), this court held that a conviction under § 571.030.1(4) is a "violent felony" under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(i), because it has as an element the use, attempted use, or threatened use of physical force against the person of another. "Crime of violence" under the guidelines also includes offenses that have such an element, *see* USSG § 4B1.2(a)(1), so *Pulliam* dictates that Hudson sustained a qualifying prior conviction.

Hudson asserts that intervening Supreme Court decisions have superseded the reasoning of *Pulliam*, and that we should conclude under current law that his prior conviction is not a crime of violence. We rejected the same argument in *United States v. Steven Hudson*, 851 F.3d 807, 808-10 (8th Cir. 2017), and Hudson's contention is foreclosed by this recent decision. The judgment of the district court is affirmed.

